08 CIV 8489

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GRIFFIN INDUSTRIES, INC.,

                                Plaintiff,        08 CV 8489 (JSR)

-v-

                                **VERIFIED COMPLAINT**

NORFOLK L.P., HILTVEIT ASSOCIATES INC.,
ZAREPTA CHEMICAL KS, MORTEN WERRINGS
REDERI AS, CARL OLSENS TANKREDERI A/S,
CARDIFF, INC. and DUNDEE LTD.

                                Defendants.
------------------------------------------------------------------x

       Plaintiff, GRIFFIN INDUSTRIES, INC. (hereinafter "GRIFFIN"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, NORFOLK L.P. (hereinafter "NORFOLK"), HILTVEIT ASSOCIATES INC. (hereinafter "HILTVEIT"), ZAREPTA CHEMICAL KS (hereinafter "ZAREPTA"), MORTEN WERRINGS REDERI AS (hereinafter "MORTEN"), CARL OLSENS TANKREDERI A/S (hereinafter "CARL OLSENS"), CARDIFF, INC. (hereinafter "CARDIFF") and DUNDEE LTD. (hereinafter "DUNDEE") alleges upon information and belief as follows:

### JURISDICTION

       1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, GRIFFIN, was and still is a domestic business entity duly organized and existing pursuant to the laws of the United States, with a principal place of business at 4221 Alexandria Pike, Cold Springs, Kentucky 41076-1897.

3.      At all times material hereto, Defendant, NORFOLK, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with principal place of business at 80 Broad Street, Monrovia, Liberia.

4.      At all times material hereto, Defendant, HILTVEIT, upon information and belief, was and still is a domestic business entity duly organized and existing pursuant to the laws of the United States, with principal place of business at Hauppauge Corporate Center, Suite 302, 150 Motor Parkway, Hauppauge, New York, 11788, United States.

5.      At all times material hereto, Defendant, ZAREPTA, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Norway, with principal place of business at Grev Wedels Plass 9 C/O FEA, 0151 Oslo, Norway.

6.      At all times material hereto, Defendant, MORTEN, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Norway, with principal place of business at Strandveien 50 D, 1366 Lysaker, Norway.

7.      At all times material hereto, Defendant, CARL OLSENS, upon information and belief, was and still is a foreign business entity duly organized and

existing pursuant to the laws of Norway, with principal place of business at Langbryggen 17B, Ardendal, Norway.

8. At all times material hereto, Defendant, CARDIFF, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Marshall Islands.

9. At all times material hereto, Defendant, DUNDEE, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with principal place of business at 80 Broad Street, Monrovia, Liberia.

## FIRST CAUSE OF ACTION

### *Conversion of Plaintiff's Cargo*

10. On or about June 4, 2008, GRIFFIN, as owners of a cargo of used cooking oil, and Defendants NORFOLK and/or HILTVEIT, as charterers of the M/T RACHEL B, entered into a voyage charter party for the carriage of said cargo from the Port of New Orleans to Rotterdam, the Netherlands.

11. This voyage charter party agreement is a maritime contract.

12. The registered owner of the M/T RACHEL B at all relevant times was ZAREPTA.

13. NORFOLK and/or HILTVEIT, upon information and belief, at all relevant times were the disponent owners or bareboat charterers of the vessel.

14. In accordance with the parties' agreement, on July 21, 2008, approximately 3059.909 metric tons of used cooking oil, worth over USD $3,000,000, was loaded aboard M/T RACHEL B in New Orleans, Louisiana.

15. After the cargo was loaded, GRIFFIN paid freight charges of USD $251,167.72 to Defendants NORFOLK and/or HILTVEIT to facilitate the carriage of the cargo on the subject voyage.

16. Despite being paid freight, the Defendants ZAREPTA and NORFOLK and/or HILTVEIT failed to deliver the cargo and, in fact, retained the cargo on the vessel and refused to release it.

17. In failing to proceed with the voyage and subsequently failing to release the cargo, Defendants ZAREPTA, NORFOLK and/or HILTVEIT have exercised control over the cargo so inconsistent with Plaintiff's right of control as to amount to a conversion of Plaintiff GRIFFIN's cargo.

18. Accordingly, GRIFFIN seeks recovery of damages for conversion of its cargo from Defendants ZAREPTA, NORFOLK, and/or HILTVEIT in an amount not less than USD$3,200,000.

## SECOND CAUSE OF ACTION

### *Breach of Charter Party*

19. Plaintiff GRIFFIN repeats and realleges each and every allegation set forth in paragraphs one (1) through eighteen (18) as if set forth herein at length.

20. As a result of Defendants NORFOLK and/or HILTVEIT's breach of the voyage charter party and failure to fulfill their obligations in accordance with the parties' agreement, GRIFFIN has sustained damages in the amount of $251,167.72 in freight charges.

21. Pursuant to the terms of the maritime contract, Defendants are obligated to pay all provable damages, including all costs of suit and attorneys' fees as a consequence

4

of the breach of the terms of the contracts between the parties. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$250,000.00.

22.    As best as can now be estimated, the Plaintiff GRIFFIN expects to recover the following amounts from Defendants ZAREPTA, NORFOLK and/or HILTVEIT:

| | | |
|---|---|---|
| A. | Conversion of Cargo | *$ 3,200,000.00* |
| B. | Breach of Charter Party | *$ 251,167.72* |
| C. | Estimated interest on both cause of action: 3 years at 7.5%, compounded quarterly | *$ 861,813.10* |
| D. | Estimated attorneys' fees: | *$ 250,000.00* |
| | **Total Claim** | **$ 4,562,980.82** |

23.    Therefore, GRIFFIN's total claim for breach of the maritime contract against Defendants is in the aggregate US$4,562,980.82.

24.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant ZAREPTA, on the one hand, and Defendant MORTEN, on the other, that no separation exists between them and the corporate form of Defendant MORTEN has been disregarded such that Defendant ZAREPTA primarily transacted the business of Defendant MORTEN, and vice versa.

25.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant NORFOLK, on the one hand, and Defendants HILTVEIT, CARL OLSENS, CARDIFF, and/or DUNDEE, on the other, that no separation exists between them and the corporate form of Defendants HILTVEIT, CARL OLSENS, CARDIFF, and DUNDEE has been disregarded such that Defendant

NORFOLK primarily transacted the business of Defendants HILTVEIT, CARL OLSENS, CARDIFF, and/or DUNDEE, and vice versa.

26. Upon information and belief, at all material times, Defendant ZAREPTA operated in the name of Defendant MORTEN such that Defendant ZAREPTA was the beneficial owner of Defendant MORTEN.

27. Upon information and belief, at all material times, Defendant NORFOLK operated in the name of Defendants HILTVEIT, CARL OLSENS, CARDIFF and/or DUNDEE such that Defendant NORFOLK was the beneficial owner of Defendants HILTVEIT, CARL OLSENS, CARDIFF and/or DUNDEE.

28. Upon information and belief, Defendant MORTEN holds itself out as a subsidiary within the "ZAREPTA network."

29. Upon information and belief, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE hold themselves out as subsidiaries within the "NORFOLK network."

30. Upon information and belief, ZAREPTA and MORTEN are each one of several entities which is operated, controlled and managed as a single economic enterprise known as ZAREPTA.

31. Upon information and belief, NORFOLK, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE are each one of several entities which is operated, controlled and managed as a single economic enterprise known as NORFOLK.

32. Upon information and belief, among the entities which comprise the ZAREPTA network, including ZAREPTA and MORTEN, there is a commonality of control and management and an overlap of officers, directors and employees.

33. Upon information and belief, among the entities which comprise the NORFOLK network, including NORFOLK, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE, there is a commonality of control and management and an overlap of officers, directors and employees.

34. Upon information and belief, at all material times, Defendants ZAREPTA and MORTEN have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

35. Upon information and belief, at all material times, Defendants NORFOLK, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

36. Upon information and belief, at all material times, Defendants ZAREPTA and MORTEN have had common addresses, common contact information such that said Defendants have no independent corporate identity.

37. Upon information and belief, at all material times, Defendants NORFOLK, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE have had common addresses, common contact information such that said Defendants have no independent corporate identity.

38. Upon information and belief, at all material times, there has been an intermingling of funds between Defendants ZAREPTA and MORTEN.

39. Upon information and belief, at all material times, there has been an intermingling of funds between Defendants NORFOLK, HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE.

40. Upon information and belief, at all material times, Defendant ZAREPTA has dominated, controlled and used Defendant MORTEN for its own purposes such that there is no meaningful difference between the entities.

41. Upon information and belief, at all material times, Defendant NORFOLK has dominated, controlled and used Defendants HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE for its own purposes such that there is no meaningful difference between the entities.

42. Upon information and belief, at all material times, Defendant ZAREPTA has disregarded the corporate form of Defendant MORTEN to the extent that Defendant ZAREPTA was actually carrying on MORTEN's business and operations as if the same were its own, or vice versa.

43. Upon information and belief, at all material times, Defendant NORFOLK has disregarded the corporate forms of Defendants HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE to the extent that Defendant NORFOLK was actually carrying on HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE's business and operations as if the same were its own, or vice versa.

44. Upon information and belief, Defendant ZAREPTA utilizes the Defendant MORTEN to transfer funds through, to and from the Southern District of New York on its behalf.

45. Upon information and belief, Defendant, NORFOLK utilizes the Defendants HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE, to transfer funds through, to and from the Southern District of New York on its behalf.

46. Upon information and belief, there are reasonable grounds to conclude that the Defendant MORTEN is the alter-ego of Defendant ZAREPTA and, therefore, Plaintiff GRIFFIN has a valid prima facie *in personam* claim against Defendant MORTEN based upon alter ego liability.

47. Upon information and belief, there are reasonable grounds to conclude that the Defendants HILTVEIT, CARL OLSENS, CARDIFF and DUNDEE are the alter-egos of Defendant NORFOLK and, therefore, Plaintiff GRIFFIN has a valid prima facie *in personam* claim against Defendants HILTVEIT, CARL OLSENS, CARDIFF AND DUNDEE based upon alter ego liability.

## BASIS FOR ATTACHMENT

48. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

49. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks,

are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of US$4,562,980.82 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.


Dated: Oyster Bay, New York
       October 3, 2008

                              CHALOS & CO
                              Attorneys for Plaintiff
                              GRIFFIN INDUSTRIES, INC.

By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GRIFFIN INDUSTRIES, INC.,

                            Plaintiff,           08 CV 8489 (JSR)

-v-

**VERIFICATION OF COMPLAINT**

NORFOLK L.P., HILTVEIT ASSOCIATES INC.,
ZAREPTA CHEMICAL KS, MORTEN WERRINGS
REDERI AS, CARL OLSENS TANKREDERI A/S,
CARDIFF, INC. and DUNDEE LTD.

                            Defendants.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, GRIFFIN INDUSTRIES, INC., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
           October 3, 2008

                                        CHALOS & CO, P.C.
                                        Attorneys for Plaintiff
                                        GRIFFIN INDUSTRIES, INC.

           By:  _____
                       George M. Chalos (GC-8693)
                       123 South Street
                       Oyster Bay, New York 11771
                       Tel: (516) 714-4300
                       Fax: (866) 702-4577
                       Email: gmc@chaloslaw.com