```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
GRIFFIN INDUSTRIES, INC.,            :
                                     :
              Plaintiff,             :
                                     :
         -v-                         :
                                     :
NORFOLK L.P., HILTVEIT ASSOCIATES    :
INC., ZAREPTA CHEMICALS KS, MORTEN   :
WERRINGS REDERI AS, CARL OLSENS      :
TANKREDERI A/S, CARDIFF, INC., and   :
DUNDEE LTD.,                         :
                                     :
              Defendants,            :     08 Civ. 8489 (JSR)
                                     :
         -v-                         :     MEMORANDUM ORDER
                                     :
MANUFACTURERS AND TRADERS TRUST      :
COMPANY, as trustee, BFC ASSETS,     :
INC., and LANDESBANK HESSEN-THÜRINGEN :
GIROZENTRALE,                        :
                                     :
              Intervenor-Plaintiffs, :
                                     :
         -v-                         :
                                     :
NORFOLK L.P., HILTVEIT ASSOCIATES    :
INC., CARDIFF, INC., and DUNDEE LTD. :
                                     :
              Intervenor-Defendants. :
------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-28-09

JED S. RAKOFF, U.S.D.J.

In October 2008, plaintiff filed this action against seven defendants seeking a maritime attachment order. The Complaint states claims for conversion and breach of charter party, alleging, inter alia, that plaintiff entered into a voyage charter party with defendant Hiltveit Associates, Inc. ("Hiltveit") and/or defendant Norfolk L.P. ("Norfolk") for the transport of a cargo of used cooking oil and that the cargo was never delivered. The Complaint further alleges that defendants Hiltveit, Norfolk, Carl Olsens Tankrederi A/S

("Carl Olsens"), Cardiff, Inc. ("Cardiff"), and Dundee Ltd. ("Dundee") (collectively, the "Hiltveit Defendants") are all corporate alter egos of one another.[1]  On October 3, 2008, the Court issued an Order for Issuance of Process of Maritime Attachment and Garnishment (the "Attachment Order").

On October 21, 2008, the Hiltveit Defendants moved to vacate the Attachment Order against them on the grounds that 1) the Complaint did not allege that they were alter egos of one another with sufficient particularity, 2) in the alternative, if the Court did find that the alter ego allegations were pled with sufficient particularity, then the attachment should be vacated because one of the Hiltveit Defendants, Hiltveit itself, is located in the Eastern District of New York, 3) plaintiff had already obtained sufficient security, and 4) plaintiff failed to give proper notice to defendant Dundee under Local Admiralty Rule B.2.  After receiving briefing from the parties, hearing oral argument on October 23, 2008, and then receiving supplemental submissions from the parties, the Court ordered the parties to conduct limited, expedited discovery on the alter ego issue.  See Order dated November 2, 2008.  This discovery went forward, but not smoothly, with the Court holding two telephone conferences and one in-court conference to address disputes between

---

[1] Because defendants Zarepta Chemical KS and Morton Werrings Rederi AS ("Morton") are not parties to the instant motion, the allegations against them are not addressed here. In addition, on March 10, 2009, plaintiff voluntarily dismissed the action as against Morton.

the parties over the scope of discovery, purported dilatory behavior on both sides, and the wording of a protective order.

On February 20, 2009, after the limited discovery permitted by the Court's November 2, 2008 Order had concluded and after the parties had submitted another round of briefing, the Court again heard oral argument. With regard to the issue of whether the Hiltveit Defendants are alter egos of one another, the Hiltveit Defendants argued that the evidence produced shows that the companies are all separate corporate entities. Plaintiff, on the other hand, argued that the Hiltveit Defendants had essentially "stonewalled" it by refusing to provide relevant documents in response to plaintiff's requests for production, and plaintiff therefore asked the Court to draw an adverse inference against the Hiltveit Defendants on the alter ego issue.

After reviewing plaintiff's requests for production, the Hiltveit Defendants' objections, and the documents that the Hiltveit Defendants did produce to plaintiff, the Court found that the discovery provided by the Hiltveit Defendants was indeed inadequate. See tr. 2/20/09. Specifically, the Hiltveit Defendants had produced only a very few documents pertaining to the basic corporate structures of the companies (articles of incorporation, corporate bylaws, and the like) while objecting to the overwhelming majority of plaintiff's requests on the ground that they went beyond the scope of the discovery ordered by the Court.[2]  Id.  As the Court stated at

---

[2] Indeed, in one instance defendant Carl Olsens failed even to produce a copy of its articles of incorporation, claiming that

3

oral argument, see id., the Hiltveit Defendants' position that such documents as minutes of corporate meetings, records regarding the election of directors, and tax returns are all beyond the scope of discovery into the question of whether these companies are in fact separate entities or are alter egos of one another is simply not tenable. Nor was the Hiltveit Defendants' across-the-board objection to all of plaintiff's requests on the ground of burdensomeness valid, as it is well-established that objections to discovery requests must be particularized and that such generalized objections are inadequate. See, e.g., Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42-43 (S.D.N.Y. 1984).

In light of the Hiltveit Defendants' failure to adequately comply with the discovery ordered by the Court, the Court informed them that it was prepared to draw the adverse inference requested by plaintiff and to conclude that the companies are indeed alter egos of one another. See tr. 2/20/09. The Court gave the Hiltveit Defendants the option, however, of producing Carl Hiltveit, who the parties represented is a principal of some or all of these companies and has knowledge of the relationships among them, see id., for a brief hearing on the alter ego issue, in which case the Court would not draw an adverse inference against the Hiltveit Defendants but would rather base its ruling on the facts learned at that hearing (as well as those already before the Court), id. Counsel for the

---

it did not have one in its possession, custody or control, and instead directing plaintiff to a website. See tr. 2/20/09.

4

Hiltveit Defendants informed the Court that they would consider presenting Mr. Hiltveit but that if they chose not to do so - which would amount to conceding the alter ego issue - the Hiltveit Defendants would continue to maintain that the Attachment Order should be vacated as against them on the other grounds set forth in their papers. Id. The Court directed the parties to jointly call chambers to apprise the Court of the Hiltveit Defendants' decision regarding whether Mr. Hiltveit would testify and to schedule either a hearing, in the event that he did testify, or a brief oral argument, in the event that he did not, within two weeks. Id.

Despite counsel for the Hiltveit Defendants' statement at the February 20, 2009 hearing that "we would like to move as quickly as possible," id., the parties never called in to inform the Court of whether Mr. Hiltveit would appear or to request any further action or proceeding on the Hiltveit Defendants' motion to vacate the Attachment Order. In light of this silence, the Court, first of all, draws the inference that the Hiltveit Defendants are indeed alter egos of one another, so that their argument that plaintiff has failed to make an adequate showing on this issue fails. The Court also notes that the Hiltveit Defendants have waived the opportunity to present any further argument or evidence on the other putative grounds for vacatur.

The Court, then, turns to the Hiltveit Defendants' additional arguments. The Court is not persuaded by their argument that the attachment should be vacated because plaintiff has obtained sufficient security for any potential judgment because the ship that

5

originally carried the fuel bunkers has been arrested (and with it the fuel bunkers themselves). In Aqua Stoli Shipping Ltd. v. Gardner Smith PTY LTD, 460 F.3d 434, 445 (2d Cir. 2006), the Second Circuit held that at a hearing called under Fed. R. Civ. P. Supp. Rule E(4)(f) to determine whether a maritime attachment, once granted, should be vacated, a defendant whose property has been attached may obtain vacatur of the attachment if it establishes that

> 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

The Hiltveit Defendants argue that the third of these grounds has been established. Although at the argument on October 23, 2008, the parties traded theories about the value of the ship and whether it was mortgaged or otherwise unavailable to satisfy a judgment in plaintiff's favor, neither party has produced any credible evidence on this point.[3] Because, at a Rule E(4)(f) hearing, the defendant bears the burden of establishing any equitable ground for vacatur once plaintiff has shown that a maritime attachment was properly issued, see id., therefore, given the lack of credible evidence, the Hiltveit Defendants' argument on this point must fail.

The Hiltveit Defendants' final argument, however, has more merit. They argue that if the Court does find them to be alter egos

---

[3] The Hiltveit Defendants did attach a "Valuation Report" to a letter brief submitted to the Court on October 27, 2008, but the letter brief provides no information about the provenance or reliability of this document that would serve to authenticate it.

6

of one another, then because they are subject to suit in a "convenient adjacent jurisdiction" - namely, the Eastern District of New York - vacatur is appropriate on the first of the grounds enumerated in Aqua Stoli, see id. Courts in this district have found that a defendant is subject to suit in a "convenient adjacent jurisdiction" when it meets the test for whether a party is "found in" a district within the meaning of Fed. R. Civ. P. Supp. Rule B. See Swiss Marine Servs. S.A. v. Louis Dreyfus Energy Servs. L.P., 598 F. Supp. 2d 414, 416 (S.D.N.Y. 2008). Under Rule B, a party is "found in" a district if both prongs of a two-pronged inquiry are satisfied: first, defendant must be subject to in personam jurisdiction in the district, and second, defendant must be found within the district for service of process. Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963).

The two prongs of the Seawind test are unquestionably met with regard to Hiltveit itself. Plaintiff does not dispute that Hiltveit is a New York corporation with its principal place of business in Hauppauge, New York. It is therefore subject to in personam jurisdiction in the Eastern District of New York, and under N.Y. C.P.L.R. § 311(a)(1) it can be served either by serving "an officer, director, managing or general agent, or cashier or assistant cashier" of the company or, if the employees of Hiltveit are as elusive as plaintiff claims, see tr. 2/20/09; Declaration of Stephen M. Orsetti, Esq. (detailing process server's failed efforts, in other litigations, to serve employees of Hiltveit, Norfolk, Carl Olsens, Cardiff, and Dundee), by serving the New York Secretary of State.

Hiltveit Defendants have introduced evidence showing that Norfolk has a business address care of Hiltveit in Hauppauge, see Ex. I to Skoufalos Aff., and, more tellingly, that Hiltveit is the sole general partner in Norfolk, see Ex. J. to Skoufalos Aff.; Ex. K to Skoufalos Aff. Although neither party directly has addressed the question of whether any of the personnel of a company that is the sole general partner in a partnership may receive service as "managing agents" within the meaning of N.Y. C.P.L.R. § 311(a)(1), the New York Court of Appeals has explained that "if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained," Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 272 (1980), and that, in general, "[t]he trend has been to enlarge rather than diminish the list of those who may accept process on behalf of the corporation," id. at 271. The Court finds that service on any of the principals of Hiltveit, Norfolk's general partner (and corporate alter ego), would give Norfolk fair notice and that, therefore, Norfolk is found in the Eastern District of New York for service of process.

In sum, Hiltveit, Cardiff, Dundee, and Norfolk are all subject to suit in the Eastern District of New York, a convenient adjacent jurisdiction to this one.[4] Accordingly, the Court hereby

---

[4] As the Court stated at oral argument, see tr. 2/20/09, it is not persuaded by the Hiltveit Defendants' argument that Dundee was not properly given notice of the attachment under Local Admiralty Rule B.2. However, because the Court finds that vacatur against Dundee is appropriate because it is subject to suit in the Eastern District of New York, it need not further address this argument here.

grants the Hiltveit Defendants' motion to vacate the Attachment Order as against those defendants. The Court, however, denies the Hiltveit Defendants' motion to vacate the Attachment Order as against defendant Carl Olsens.

The Court further notes that while the unopposed motion to intervene of Manufacturers and Traders Trust Company, BFC Assets, Inc., and Landesbank Hessen-Thüringen Girozentrale has been granted, the intervenor-plaintiffs have not filed any motion for relief. If they now wish to do so, they should convene a joint conference call to chambers with all affected parties.

The Clerk of the Court is directed to close entries number 8 and 24 on the docket for the case.

SO ORDERED.

Dated: New York, NY
September 25, 2009

JED S. RAKOFF, U.S.D.J.